*Law Library*

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| LIN ZHI FANG, | ) DOMESTIC CASE NO. DM0480-10 |
| Plaintiff, | ) |
| | ) **DECISION AND ORDER** |
| v. | ) |
| GUO HUA HUANG, | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the HONORABLE ARTHUR R. BARCINAS on the 20th day of January, 2012, for status hearing after reassignment, at which hearing the Plaintiff requested that the Court enter a decree of divorce and make a determination as to custody and visitation of the parties' minor child, V. L. H., DOB: 04/19/2000, as requested in the complaint, after a Clerk's Entry of Default was issued on November 23, 2011. The Law Firm of Berman O'Connor & Mann represented the Plaintiff, however, the Defendant has not yet made an appearance, nor has there been evidence of proper personal service upon the Defendant for the purposes of dissolution of marriage or child custody. The Court now issues the following Decision and Order on the matter.

//

## DISCUSSION

The issue of personal jurisdiction arises in this case because the Plaintiff previously moved for and received an order of the Court allowing service upon the Defendant through publication and mailing pursuant to 7 GCA § 14106. Further, the Clerk of Court issued an Entry of Default on November 23, 2011. Accordingly, although the Plaintiff has yet to file a motion requesting a default judgment, the Court is reviewing the matter for jurisdictional purposes regarding the Plaintiff's requests for both a dissolution of marriage and a child custody determination.

For dissolution of marriage purposes, " . . .the court can raise the issue of or object to the jurisdiction of the Superior Court of Guam in an action for divorce or dissolution of marriage, [or] residence of the parties . . . in any case even where the defendant has consented to the divorce or dissolution of marriage." 19 GCA 8319(a)(2012). After an analysis of the order for publication and mailing issued, and the allegations of the complaint for divorce filed, it is apparent that the Order for Publication of Summons was issued by the Court in error, and therefore, the Defendant has not been properly served for the purposes of dissolution of marriage. Further, it is apparent that the allegations in the verified complaint and other supporting documents are insufficient to show that the issuance of a decree of dissolution of marriage is proper.

It is further apparent, for child-custody determination purposes, that the Plaintiff has met none of the necessary pleading requirements in the verified complaint to show that this Court has jurisdiction to make a child-custody determination under the UCCJEA.

The Court begins its analysis of personal jurisdiction with the service documented in the Court's file. It appears that there were several fatal errors in the issuance and allowance of

service in this case. Rule 60(b) of the Guam Rules of Civil Procedure states in relevant part:

> Relief from Judgments or Order. . . .(b) Mistakes; Inadvertence, Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

GRCP Rule 60(b)(2012).

Rule 60(b)(1) grants a court the discretion to relieve a party from any order, judgment, or proceeding for reason of mistake, inadvertence, surprise, or excusable neglect. Brown v. Eastman Kodak Co., 2000 Guam 30, ¶ 32 (citing Pioneer Investment Serv., Inc. v. Brunswick Assoc., 507 U.S. 380, 394 (1993)). Some jurisdictions allow for a court to correct its own errors under Rule 60(b)(1). Relief under the rule in these jurisdictions is generally limited to situations in which the error alleged is simple legal mistake or inadvertence. The rule has "generally been construed to govern errors of law properly characterized as judicial 'oversight' such as 'overlooking controlling statutes or case law.'" In re Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984). These courts have found that the purpose of Rule 60(b)(1) "is to permit the trial court to reconsider and correct 'obvious errors of law' without forcing the parties to engage in the machinery of appeal." United States v. 329.73 Acres of Land, 695 F.2d 922, 925 (5th Cir.1983) (quoting Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir.1977)). Such obvious errors of law include clerical errors, and instances where a

court's determination is clearly at odds with the plain wording of a statute, such as the failure to apply a limiting provision, or an award in excess of the statutory maximum. See <u>Meadows v. Cohen</u>, 409 F.2d 750, 753 (5th Cir. 1969); <u>Caraway v. Sain</u>, 23 F.R.D. 657, 659–660 (N.D.Fla., 1959).

The Supreme Court of Guam has not yet adopted a position concerning whether a trial court may correct its own legal oversight or inadvertence under Rule 60(b)(1) in a civil case. However, under the corresponding criminal "reconsideration" doctrine of the law of the case, the Supreme Court has acknowledged and affirmed the lower court's decision to change its own previous ruling based on "new evidence" and error creating a manifest injustice. <u>People v. Gutierrez</u>, 2005 Guam 19, ¶ 42.

Concluding that the Court may address certain types of errors under Rule 60(b)(1), the Court finds that there were errors of the Court which may be remedied under Rule 60(b)(1).

**A) Deficiencies Underlying the Order Issued Granting Publication of the Summons**

Rule 4(e) of the Guam Rules of Civil Procedure requires that if a person against whom an action is filed is a resident of Guam or any other jurisdiction of the United States, they must be served either: (1) under the laws of Guam; or (2) "as prescribed by the law of the place where the person is served;" or (3) in person, or at his residence by leaving it with a household member of suitable age, or by serving the person's agent. GRCP Rule 4(e)(2012). However, if the Defendant is not a resident of Guam or any jurisdiction of the United States, then personal service must be made under GRCP Rule 4(f), and may no longer be made "in any manner prescribed or authorized by the laws of Guam," as permitted under GRCP Rule 4(e)(1), but instead must be made only in conformity with GRCP Rule 4(f). The Plaintiff is solely

responsible for personal service upon a defendant. GRCP Rule 4(c)(2012). Finally, personal service under Rule 4 must be made within 180 days of the filing, but may be extended by the Court for good cause. GRCP Rule 4(m)(2012).

In this case, the Order Allowing Service by Publication was legally and factually unsupported and therefore, invalid, on three bases: 1) the first documented attempt at service upon the defendant occurred more than 180 days after the filing of the complaint in this case, in violation of GRCP Rule 4(m), thus depriving the Court of personal jurisdiction; 2) even if the Plaintiff had timely attempted service, and 7 GCA § 14106 could be applied, the "declaration" submitted by the Plaintiff's attorney in support of the issuance of the order did not constitute a valid declaration, thus failing to satisfy the requirement of 7 GCA 14106, that all allegations be proven by affidavit (or qualifying declaration or verified complaint); and 3) the declaration submitted pursuant to 7 GCA § 14106 does not contain the statements required under 7 GCA §14106.

There are other jurisdictional errors as well. As discussed in further sections of this opinion, the declaration and verified complaint in this case failed to establish the residency of the Defendant, whether in a jurisdiction of the United States or a foreign country, and thereby allow the Court to determine whether the Defendant may be served under Guam law, United States law, or foreign law; and further, because residency is not plead or proved, the Court cannot determine the existence of the Court's jurisdiction over the Defendant. Finally, although the verified complaint requests that this Court make a determination regarding child custody and visitation, the Court can find absolutely no basis within the verified complaint or any other documents in the file which would allow the Court to make a finding that it has jurisdiction to make such a determination in this case.

### 1) Failure to Serve the Defendant Within 180 Days of the Filing of the Complaint

The Court may *sua sponte* address its ability to enter judgment against a defendant and dismiss claims for lack of personal jurisdiction based on a failure of personal service. *See* Rule 4(m)(2012).

The complaint in this case was filed on July 15, 2010. There are no documented attempts to serve the Defendant with the summons and complaint in this case until the Plaintiff filed a Motion for Service by Publication on March 16, 2011. As more fully discussed later in this opinion, service upon the Defendant was never properly effected. However, even if the Court assumes, for the purposes of this section, that service was effected, proof of this service was not filed with the Court until October 17, 2011, and this proof of service shows that that service did not occur until May 13, 2011. Fang v. Huang, Domestic Case No. DM0480-10, Decl. of Jade Ogo of Mailing, p. 1, ¶ 3 (filed October 17, 2011). No requests for an extension of time to serve the Defendant were ever filed.

According to the Court's calculations, the last date upon which the Plaintiff could have effected personal service upon the Defendant, within the time set by the rule, was January 12, 2011. This date was also the last date upon which to timely request an extension of time to provide service for good cause under GRCP Rule 6(b), or to request service through publication and mailing upon filing sufficient proof with the Court pursuant to 7 GCA § 14106. The Plaintiff failed to timely perform any of the above options. Service did not occur within the time period set, and the Plaintiff's first documented attempt to serve the Defendant occurred more than two months after the expiration of the 180 days.

Consequently, the Court currently has no personal jurisdiction over the Defendant, as personal service was never made pursuant to GRCP Rule 4, nor did the Plaintiff request service

through publication and mailing pursuant to 7 GCA § 14106, within 180 days of the filing of the complaint. As no timely service was effected, no personal jurisdiction was ever acquired by the Court over Defendant, and the claims against the Defendant must be dismissed for that reason. GRCP Rule 4(m)(2010); *see also* Vanderbilt v. Vanderbilt, 354 U.S. 416, 418 (1957); Hansberry v. Lee, 311 U.S. 32, 40–41(1940); and Pennoyer v. Neff, 95 U.S. 714 (1878). Rule 4(m) states that the claim should be dismissed without prejudice by the Court if the reason for dismissal is the failure to timely serve under the rule. GRCP Rule 4(m).

Consequently, the Court finds that there was an error in entering the Entry of Default, and the Court VACATES the Entry of Default under GRCP Rule 60(b) for the failure to serve the Defendant within 180 days, as required under GRCP Rule 4(m).

2) Deficiency of Underlying "Declaration" in Support of Motion for Order Allowing Service by Publication

Service by publication and mailing under 7 GCA §14106, in lieu of personal service under GRCP Rule 4, first requires an "affidavit" or "verified complaint" swearing, or declaring under penalty of perjury, that the Defendant "has departed from Guam" and "cannot . . . be found in Guam," or that the Defendant has concealed himself "to avoid the service of summons . . . ." 7 GCA §14106. The Plaintiff has never submitted a proper affidavit or declaration as required under this statute.

The Plaintiff's attorney's "declaration" fails to constitute an "affidavit" or other qualifying declaration, due to its lack of attestation as to veracity of the statements contained within. Although 7 GCA 14106 specifically references the term "affidavit," "since 1982 on Guam, and 1976 under Federal law, unsworn declarations under penalty of perjury are statutorily equivalent, with limited exceptions, to affidavits." Duenas v. Yama's Co., Inc., Civ.

No. 90 00062A, 1991 WL 255834, *5 (D.Guam App. Div. 1991)(citing 6 GCA § 4308; 28 U.S.C. § 1746; Carter v. Clark, 616 F.2d. 228 (5th Cir.1980); and Dickinson v. Wainwright, 626 F.2d. 1184 (5th Cir.1980)).

Whenever, under Guam law, a matter is required to be supported or proved by verification or certification, and the matter is a written document executed in Guam, the document is considered verified or certified if it contains a statement declaring that the information is true under penalty of perjury. 6 GCA § 4308 (2011). Under this statute, the verifying or certifying statement shall contain similar language or shall appear similar to the statement: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." Id.

Plaintiff's attorney's declaration fails to contain this statement, and the allegations of fact contained in the Plaintiff's attorney's declaration fail to actually swear that any of the statements are verified as accurate or true "under penalty of perjury." There is absolutely no indication that the factual content of the petition is verified or declared as truth. There is also no assertion that the content of statements contained in the "declaration" is based on the personal knowledge of the "declarant." Thus, although the document submitted in support of the order issued is titled as a "declaration," this declaration is legally insufficient to meet the requirements of 7 GCA § 14106. Further, although the facts required under 7 GCA § 14106 may alternatively be supported and proven by verified complaint, the allegations of the verified complaint filed in this case are entirely silent as to any of the facts required under 7 GCA § 14106. Accordingly, there were no verified facts upon which the Court could have granted an order permitting service by publication and mailing under 7 GCA § 14106.

Consequently, there is cause showing that the Order Allowing Service by Publication was improperly and erroneously issued, in violation of the express provisions of 7 GCA § 14106, without properly supported grounds under that statute, and therefore, the order should be VOIDED and VACATED under GRCP Rule 60(b)(1), on this basis.

### 3) Deficiency of Allegations in Underlying Declaration in Support of Order Allowing Service by Publication

If the Defendant is a resident of a United States jurisdiction, and therefore, may be subject to any service allowed under Guam law or U.S. law under GRCP Rule 4(e)(1), the version of GRCP Rule 4 which is currently in effect only allows for service through publication and mailing as permitted by statute or court order. GRCP Rule 4(o)(2012). 7 GCA § 14106 is the controlling statute, and specifically allows for service by publication and mailing instead of personal service under GRCP Rule 4(e)(1) or (2), only when an application is made to the Court upon a verified affidavit (or declaration, see 6 GCA § 4308) swearing either that the person "has departed from Guam . . .or conceals himself to avoid the service of summons" and that "a cause of action exists against the defendant." 7 GCA § 14106 (2012). It states in relevant part:

> (a) *Where the person on whom service is to be made has departed from Guam,* and cannot, after due diligence, be found in Guam, *or conceals himself to avoid the service of summons* . . . and the fact appears by affidavit to the satisfaction of the court, or a judge thereof, *and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made* . . . such court or judge may make an order that the service be made by the publication of the summons and by mailing the complaint and summons. (b) Service by mail shall be by any kind of U.S. Postal Service delivery that provides for written proof of mailing, written proof of delivery and restricted delivery to the addressee only.

Title 7 GCA § 14106 (emphases added).

The Plaintiff claims that service by publication and posting under this statute is available whenever "a party to an action has departed from Guam and resides outside the Territory."

Fang v. Huang, Domestic Case No. DM0480-10, Mem. of Points and Authorities in Support of Mot. for Service by Publication, p. 1, lines 14–15 (filed March 16, 2011). This statement is partially correct regarding some of the particular language of the statute. However, the motion filed by the Plaintiff does not follow this factual requirement and ignores the mandates of GRCP Rule 4(e). Service by publication and mailing under 7 GCA §14106, is only available in lieu of personal service under GRCP Rule 4(e) when such service cannot be made, and first requires an affidavit or verified complaint swearing, or declaring under penalty of perjury, not only that the Defendant cannot be found in Guam, but either: 1) both that the Defendant "has departed from Guam" AND "cannot . . . be found in Guam;" or 2) that the Defendant has concealed himself/herself "to avoid the service of summons . . . ." 7 GCA § 14106. Both of these options are worded to indicate to the Court that the Defendant is attempting to avoid personal service under GRCP Rule 4(e), not just that a defendant does not live in Guam or cannot be found in Guam.

A plaintiff's first attempt at personal service on a defendant should not be made under 7 GCA § 14106. In fact, Rule 4(e) anticipates that parties who merely reside outside of Guam, in other United States jurisdictions, may need to be served from time to time, and provides a method for such service, stating: "service upon an individual . . . may be effected . . . in any other jurisdiction of the United States, its territories, commonwealths, and possessions: (1) . . . as prescribed by the law of the place where the person is served; or (2) by delivering a copy of the summons and of the complaint to the individual personally . . . ." GRCP Rule 4(e). Service by publication and mailing under 7 GCA§ 14106 is only available as an option of last resort, when a defendant has fled Guam or is hiding to avoid service.

Although the Plaintiff recognizes that service under 7 GCA § 14106 is only permitted when a defendant "has departed from Guam," Fang, Mem. of Points and Authorities in Support of Mot. for Service by Publication, p. 1, lines 14–15 (filed March 16, 2011), the Plaintiff's motion and declaration are silent as to this fact. Regarding the Defendant's "depart[ure]" from Guam, the declaration of the Plaintiff's attorney does not even contain a recitation of the language of the statute, and merely states that the Defendant cannot be found in Guam, because an "agent for service of process has been unable, after exercising his best efforts and due diligence, to find and locate said Defendant within Guam." Id., Decl. of Michael J. Berman for Publication of Summons, ¶ 6 (filed March 16, 2011). No factual allegations that the Defendant has ever resided in Guam and thus, has ever "departed from Guam" are present. Nor are there any allegations that the Defendant would currently be subject to service in Guam. The Court finds the statement that the Defendant is not present in Guam, without any accompanying information regarding the Defendant's previous presence in and flight from Guam, or subjection to service in Guam, inadequate to support the issuance of an order for publication and mailing under 7 GCA § 14106.

Regarding the Defendant's "concealment" from service, Plaintiff's declaration is silent. Service by publication and mailing is not to be lightly granted, nor lightly treated under 7 GCA § 14106, as it is permitted only in the alternative that personal service pursuant to GRCP Rule 4(e) or (f) cannot be made because of the Defendant's actions. GRCP Rule 4(e)(1) and (2) and (f).

Ironically, at hearing regarding the issue of child support held in this case on September 10, 2010, the counsel for Plaintiff appeared and informed the Court that the Plaintiff was aware that the Defendant and the parties' minor child resided in California, and that the Plaintiff sends

$300.00 to the Defendant in child support, every month. Fang, Hr. Tr., September 10, 2010 (10:27:03 a.m. to 10:27:19 a.m.). The motion for service pursuant to 7 GCA § 14106 was filed over six months later, in March of 2011, on the basis that the Defendant could not be found in Guam. Most recently, Plaintiff's counsel orally informed the Court that the Defendant and minor child have lived in California since 2002. Fang, Hr. Tr., December 19, 2011 (10:15:00 a.m. to 10:16:42 a.m.). It is apparent that the Plaintiff knows, and has known, since well before the request for service by publication and mailing was made, of the place of residence of the Defendant, somewhere in California. Yet, the declarations of both Plaintiff's counsel, state that the process server hired by the Plaintiff after the filing of this action in 2010, searched for the Defendant in Guam, rather than in California. No evidence of any other previous attempts to serve the Defendant is documented in the file.

The Plaintiff's declaration fails to allege the minimum requirements for the issuance of an order for service by publication and mailing. The declaration neither declares that the Defendant has ever resided in Guam, nor that the Defendant has ever concealed himself to avoid service under GRCP Rule 4(e) or (f). A declaration that a person is not present in Guam, without more, does not satisfy the requirements of 7 GCA § 14106. Plaintiff's declaration further fails to allege that personal service pursuant to GRCP Rule 4(e)(1) or (2) or (f) was attempted or was not possible in this case.

Accordingly, the declaration and the verified complaint fail to establish the Court's jurisdiction over the Defendant as required by 7 GCA 14106 (if applicable) and GRCP Rule 8(a). The Order Allowing Service by Publication must therefore, be VACATED under Rule 60(b)(1).

//

## B) Divorce Jurisdictional Issues Regarding the Complaint and "Declaration"

Although the Court could conclude its analysis, the Court writes further to allow the Plaintiff an opportunity to correct other apparent errors, as the Plaintiff's underlying complaint and motion for publication and mailing are deficient in additional substantial respects.

### 1) No Residency of the Defendant in any Jurisdiction is Pled or Proved

The Plaintiff's declaration in support of service by publication and mailing and the verified complaint are also deficient under 7 GCA § 14106 for lack of allegations of the residency of the Defendant, which would thereby allow the Court to determine whether a cause of action by which the Court has jurisdiction over the Defendant exists as required under 7 GCA § 14106. Under this statute, in order for the Court to properly allow service by publication and mailing, it has to appear from either the verified allegations of the complaint or the affidavit in support of service by publication and mailing that a cause of action which may be brought in the Superior Court of Guam exists against the Defendant. First, the declaration of the Plaintiff's counsel is silent as to whether the Plaintiff has a proper cause of action against the Defendant. Next, the complaint itself fails to factually allege that a cause of action exists against the Defendant, over which this Court has jurisdiction.

GRCP Rule 8(a)(1), entitled "General Rules of Pleading," requires every complaint to set forth all jurisdictional bases for the claims contained therein, stating, "(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross claim, or third party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends." GRCP Rule 8(a)(1). In addition, the Local Rules of the Superior Court of Guam require specific factual allegations proving jurisdiction, and CVR Rule 10.1 states: "Each complaint, petition, counter-claim and cross-claim shall state in a separate

paragraph entitled "jurisdiction" the statutory or other basis for jurisdiction and the facts supporting jurisdiction." The complaint for divorce is utterly devoid of any allegations as to the Superior Court of Guam's jurisdiction over the Defendant, thus failing to meet the minimum requirements of GRCP Rule 8 and CVR Rule 10.1. The "declaration" of the Plaintiff's attorney is similarly bereft of any indication of the Defendant's place of residence or facts upon which the Court's jurisdiction depends.

The verified Complaint for Divorce further fails to meet the minimum jurisdictional requirement of 19 GCA § 8319, by failing to plead and prove the residency of the Defendant. "Residency must be pled and proved in *all* divorces or other actions for dissolutions of marriage." 19 GCA § 8319(a) (2012) (emphasis added). More importantly, "[i]n actions for dissolution of marriage, neither the domicile nor residence of the husband shall be deemed to be the domicile or residence of the wife. For the purposes of such an action, each may have a separate domicile or residence depending upon proof of the fact and not upon legal presumptions." 19 GCA § 8319(a) (emphasis added).

The verified Complaint for Divorce is conspicuously silent in this regard. The complaint merely claims that the Court has jurisdiction over this action because the Plaintiff is a resident of Guam under 19 GCA § 8318, without reference to the Defendant's residence, or other facts establishing the Court's jurisdiction over him. This allegation ignores the residency pleading requirement of the very next statute, 19 GCA § 8319. Defendant's residency is not plead as required under 19 GCA § 8319(a) and GRCP Rule 8(a)(1), and the Court cannot presume his residency in Guam, or anywhere, under 19 GCA § 8319(a).

Interestingly, the Plaintiff's Complaint cites to § 426(a) of the Code of Civil Procedure in setting forth the facts allegedly required "for the purpose of this Complaint. . . ." Fang v.

Huang, Domestic Case No. 0480-10, Complaint for Divorce, ¶ IV. This code section no longer exists. Instead, the information required to be alleged in a complaint by any party seeking a dissolution of marriage is governed by multiple statutory sections of the Guam Code, the Guam Rules of Civil Procedure, the Local Rules of the Superior Court of Guam, the United States Constitution, and the Organic Act of Guam.

Perhaps of more interest to the Court, Plaintiff's counsels have made several oral statements to the Court indicating that the Plaintiff is fully aware of the location of Defendant's current and former residency. Fang, Hr. Tr., September 10, 2010 (10:27:03 a.m. to 10:27:19 a.m.); and Hr. Tr. January 20, 2012 (10:20:00 a.m. to 10:21:00 a.m.). However, the Court cannot consider these statements in lieu of pleadings in the complaint, because the statements of attorneys in motions, briefs, or oral argument do not constitute admissible evidence, unless sworn or declared true, and none of these statements have been made in the verified complaint, affidavits, declarations, or any form admissible to the Court. Monolithic Power Systems, Inc. v. O2 Micro Intern., Ltd., 558 F.3d 1341, 1350 (9th Cir. 2009) (attorney's contentions cannot substitute for actual evidence); Stringer v. St. James R-1 School Dist., 446 F.3d 799, 802 (8th Cir. 2006); Johnston v. IVAC Corp., 885 F.2d 1574, 1581 (Fed. Cir. 1989); and Radich v. Goode, 886 F.2d 1391, 1394 (3rd Cir. 1989)("An unsworn memorandum [signed only by an attorney] opposing a party's motion for summary judgment is not an affidavit."); see also Seung Ok Lee v. Ki Pong Na, 198 S.W.3d 492, 495 (Tex.App.2006)(unsworn attorney statements cannot provide an evidentiary basis in a divorce case); and Wolcott v. Wolcott, 687 P.2d 100, 103–104 (N.M.App.1984).

Due to the statements of Plaintiff's counsel at various hearings, stating that the Defendant formerly resided in Guam, and that the Defendant's current address is in California,

it appears likely that the Court will eventually have jurisdiction over this action and the Defendant, so long as minimum contacts are alleged in the complaint, and proper service is effected. *See* Fang, Hr. Tr., September 10, 2010 (10:27:03 a.m. to 10:27:19 a.m.); and Hr. Tr. January 20, 2012 (10:20:00 a.m. to 10:21:00 a.m.). However, as none of these statements have been included in the allegations of the verified complaint, nor in any subsequent declaration or affidavit, the Court cannot be assured that it has jurisdiction, or even that the Defendant is a resident of a jurisdiction of the United States, and therefore subject to service under the laws of the United States and Guam.

Plaintiff must not only plead residency, but must also prove the Defendant's residency, wherever situated. Even in a consented divorce action, the Plaintiff must still plead and prove the residency of the Defendant: "[a]llegations and proof of residence or other compliance with the requirements of § 8318 of this Chapter *shall be pled and proved* in any divorce or dissolution of marriage granted upon the consent of the Defendant." 19 GCA § 8319(a)(emphasis added). The closest the Plaintiff comes to referencing the Defendant's residency is in the Memorandum of Points and Authorities in Support of Motion for Service by Publication, wherein the Plaintiff's attorney states that "Defendant currently resides somewhere outside of Guam, . . . ." Fang v. Huang, Domestic Case No. DM0480-10, Mem. of Points and Authorities in Support of Mot. for Service by Publication, p. 2, lines 11–12 (filed March 16, 2011). This allegation is not contained in the attached Declaration for Publication of Summons, and both the verified complaint and declaration are silent as to any actual location of the Defendant.

In contrast to the silence of the evidence submitted in this case, Plaintiff's counsel has stated in open court that the Plaintiff is fully aware of the residence of the Defendant,

somewhere in California, because the parties' minor child resides with the Defendant in California, and the Plaintiff sends $300.00 per month in child support to the Defendant in California. *See* Fang, Hr. Tr., September 10, 2010 (10:27:03 a.m. to 10:27:19 a.m.). Although it is apparent that the Plaintiff is fully aware of the residence of the Defendant, the Plaintiff has failed to prove the Defendant's residency in any place, as there are no allegations regarding the Defendant's residence within the complaint or any other evidence which is admissible to prove the residency under 19 GCA § 8319 or 7 GCA § 14106.

Next, the Plaintiff's complaint also fails to plead consent. 19 GCA § 8319(b) states:

> All consents to a divorce or dissolution of marriage must be acknowledged or verified before a notary public or other officer authorized to administer oaths within the United States if signed in the United States, acknowledged or verified before a consular officer of the United States or other United States official authorized to take oaths if signed outside the United States, or have a notarized acknowledgement or verification by a foreign notary which is authenticated by a United States consular officer.

19 GCA § 8319(b)(2012).

The Plaintiff's complaint does not contain any allegation that the Defendant has consented to this divorce action. Failing any averment of consent, the Court's file is similarly devoid of any verified or notarized acknowledgment proving consent of the Defendant.

Finally, and perhaps most tellingly, 19 GCA § 8319(a) states that even in consent divorce cases, "[t]he Superior Court of Guam *is not presumed to have jurisdiction over any action for divorce or dissolution of marriage* which may be filed in the Superior Court of Guam because the Defendant consents." 19 GCA § 8319(a) (emphasis added). There is no presumption of jurisdiction even where a defendant properly consents, and accordingly, there is no presumption of jurisdiction where the defendant is not present or does not consent. The Court must independently find jurisdiction in each case. On this basis, it is apparent that in

order for the Court to properly exercise personal jurisdiction over the Defendant and the action for divorce, she must be a resident of Guam, *see* 19 GCA § 8319, or she must consent to the action, *see* 19 GCA §§ 8318(b) and 8319(a) and (b), or the Court must find that the Defendant has minimum contacts with the jurisdiction, *see* 7 GCA §§ 14109 and 14110.

The Plaintiff's Complaint for Divorce is conspicuously silent in all regards concerning the personal jurisdiction of the Superior Court of Guam over the Defendant. Even if the Court disregards the Plaintiff's failure to plead and prove any residency of the Defendant, the Plaintiff has omitted the filing of any declaration, affidavit, or other sworn statement containing evidence proving personal jurisdiction over the Defendant.

Plaintiff neither pleads nor proves that the Defendant was a resident of Guam or any other place, nor that the Defendant has consented to the divorce. The requirement of either consent or proof of residency of a defendant in a divorce case initiated in Guam is not merely a formality, but rather, an extremely important safeguard, so that the Court may properly find jurisdiction, and may apply the proper laws regarding service.

In the case of <u>Rinehart v. Rinehart</u>, 2000 Guam 14, the Supreme Court of Guam expressed concerns regarding abuse of the Guam legal system by resident spouses against non-resident spouses, which it found, creates an opportunity "in which on-island spouses could tamper with the legal rights of off-island spouses." <u>Id</u>. at ¶18. Validating the Supreme Court of Guam's concern, and in violation of the statutory safeguards set by 19 GCA § 8319, the Plaintiff has entirely failed to provide the Court with any admissible evidence regarding the Defendant's residency or consent to this divorce action. The Plaintiff fails to even suggest that the requirements of 19 GCA § 8319(a) have been met, in any document filed.

The Court finds that the Plaintiff has failed his burden to plead and prove the residency of the Defendant, so that the Court may determine the applicable law, and has failed to demonstrate the personal jurisdiction of the Superior Court of Guam over the Defendant. Based upon the proof of the facts provided to the Court, the Court declines to find it has jurisdiction to hear the action, as the Defendant is most likely not a resident of Guam, and has not consented to this action, unless minimum contacts exist between the Defendant and Guam, by which the Court may exercise personal jurisdiction over him, as discussed later in this opinion. *See, e.g.,* Mariano v. Surla, 2010 Guam 2, at ¶¶ 23–29.

In fact, none of the allegations of the complaint and the declaration filed touch on the subject of the Defendant's actual residence. The Court is left with no admissible evidence to show whether or not Defendant is even a resident of a United States jurisdiction. This factual finding is crucial to the Court's assertion of jurisdiction. If the Defendant is not, or has never been a resident of Guam, and is, in fact, a resident of a foreign country then: 1) 7 GCA § 14106 is not applicable; and 2) service under GRCP Rule 4(f) would need to be effected. There are no exceptions to these foreign service requirements, and the Court may not apply Guam law to override international law.

Therefore, if the oral allegation made by the Plaintiff's counsels that the Defendant is a resident of the United States is true, it appears that the Plaintiff will be required to comply with Rule 4(e). However, until the Plaintiff complies with 19 GCA § 8319(a) and provides the Court with allegations/evidence of the Defendant's actual residency (i.e., a verified allegation in the complaint), the Court will be unable to determine whether the Defendant is subject to 7 GCA § 14106, and service under the laws of Guam or the foreign service requirements of GRCP Rule 4(f); and will be unable to determine whether proper service is effected under the proper and

applicable laws, and thereby determine if it has acquired personal jurisdiction over the Defendant.

### 2) Failure to Plead Sufficient Minimum Contacts Under 7 GCA § 14110(4)

The Court may not exercise jurisdiction over a non-resident, except as permitted by the Organic Act and the United States Constitution. 7 GCA §§ 14109 and 14110(4) (2012). Both 7 GCA §§ 14109 and 14110(4) were adopted directly from California's long-arm statute, codified as California Code of Civil Procedure § 410.10. Under this statute, the Court has jurisdiction over a non-consenting, non-resident defendant in a divorce action only if the plaintiff makes a showing that the defendant has minimum-contacts with the state or territory. Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements, 328 F.3d 1122, 1129 (9th Cir. 2003).

Because the Plaintiff has failed to plead or prove the residency of the Defendant in any United States jurisdiction, the Court is unsure whether the Defendant is a Guam resident or non-resident. The Court can only surmise, based upon the absence of allegations regarding the Defendant's residency, and the oral allegations of Plaintiff's attorneys regarding child support that the Defendant is, most likely, not a resident of Guam.

In Harris, the Ninth Circuit determined whether California could exercise personal jurisdiction over a non-resident defendant in a divorce action under the long-arm statute. The language of CCCP § 410.10 required the court to determine whether due process requirements would be met in an assertion of jurisdiction. Citing to International Shoe Co. v. Washington, 326 U.S. 310 (1945), the court held that jurisdiction under CCCP § 410.10 would have to meet the threshold minimum-contacts test of the United States Supreme Court. Harris, 328 F.3d 1122, 1129 (9th Cir. 2003) ("Due process requires that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain

minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."). The Ninth Circuit set forth a tri-partite test for minimum contacts: 1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof (or avail himself of the privileges of conducting activities in the forum); 2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and 3) the exercise of jurisdiction must comport with fair play and substantial justice (and be reasonable). Id.

The Supreme Court of Guam has specifically adopted this test regarding personal jurisdiction over non-resident defendants in Guam, finding, "the Due Process Clause requires a defendant to have 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Mariano, 2010 Guam 2, ¶ 23 (quoting PCI Commc'ns, Inc. v. GST Pacwest Telecom Haw., Inc., 1999 Guam 17 ¶ 17)(internal citations omitted); and Harris Rutsky & Co., 328 F.3d at 1129.

In this case, the Plaintiff has alleged a single fact within his verified complaint that may indicate that the Defendant has minimum contacts with the jurisdiction: However, the Plaintiff has failed to plead any other facts to show that this action meets any of the three requirements proving sufficient contact with Guam such that Guam could assert jurisdiction over the Defendant. Although the Plaintiff alleges that the Defendant has had contact with Guam, in that he was married here, the complaint fails to allege how long his stay in Guam lasted; the purpose for his stay or visit (i.e., whether the Plaintiff merely traveled here for the wedding); whether he established residency here; and/or whether his most recent contact with the forum was within a reasonable time. In short, the Plaintiff fails to allege any other fact that would show that the

assertion of jurisdiction over the Defendant would be fair under the particular circumstances of this case.

Under the minimum-contacts test, the Court abstains from asserting jurisdiction over the Defendant at this time, and this case must be dismissed if no amendment to plead and prove facts to show personal jurisdiction over the Defendant is made.

### 3) Notions of Fair Play and the Interests of Justice

The Court acknowledges that the first sentence of 19 GCA § 8318(a) seems to indicate that the Court is empowered to grant a decree of divorce when only one party is a resident of Guam. However, the language of this statute is *permissive*. The sentence states: "[a] divorce or dissolution of marriage *may* be granted if one (1) of the parties has been a resident of Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce, or dissolution of marriage." 19 GCA § 8318(a) (emphasis added). Under the statutory construction provisions of the Guam Code, the word "[s]hall is mandatory and may is permissive." 1 GCA § 724(9) (2012). The Court is not *required* to grant a divorce merely because one party has met the residency requirements of this first statute. The Court may do so, in its discretion; however, the Plaintiff must meet all of the requirements of this Chapter, including pleading and proving the residency of the Defendant, so that the Court may make the most informed decision regarding the entire action; and the Court must be satisfied that it has jurisdiction and that Guam is the best forum for the action. This idea is later emphasized in 19 GCA § 8320, which states in relevant portion: "[i]n the event of *uncontested, consent or default divorce actions*, the court *may* grant a divorce based upon the verified complaint of the Plaintiff or Petitioner *if it appears to be in the interests of justice*." 19 GCA § 8320 (emphases added).

Most significantly, the first sentence of 19 GCA § 8318(a) cannot be read in isolation. When read in conjunction with 19 GCA §§ 8318(b) and 8319, it appears that a divorce should only be granted in the case where only one party is a resident of Guam AND the other party consents and submits themselves to the jurisdiction of the Superior Court. When considered in light of the mandates of the United States Constitution and the Organic Act of Guam that the Superior Court of Guam cannot exercise jurisdiction over a non-resident defendant in the absence of minimum contacts with the forum, it is apparent that the only other manner in which the Superior Court may exercise jurisdiction over a divorce action when only one party is a resident of Guam is when the non-resident defendant has satisfied the tri-partite minimum contacts test.

The Court is not making the finding that a divorce can never be granted when only one party is a resident of Guam, but rather, is making the finding that when only one party is a resident of Guam, in order to grant the dissolution of the marriage, either: 1) the non-resident Defendant must consent to the jurisdiction of the Superior Court of Guam; or 2) the Court must be able to find minimum contacts with Guam in order to abide by the Constitution and the Organic Act, and so as not to violate the interests of justice. The Court may not grant a dissolution simply because one party is a resident, without other accompanying facts plead to show that the divorce is appropriate and just.

In this case, as plead, the Court finds none of the hallmarks of the notions of fair play, and finds nothing to show that the grant of this divorce would be in the interests of justice. This appears to be a divorce by ambush against a non-resident Defendant who may have some ties to Guam, but which ties are not sufficiently plead to determine minimum contacts. First, service was not timely made nor extension requested, and for that reason, alone, the Court is required to

dismiss the action. Next, it is not apparent from the file that personal service under GRCP Rule 4(e) (or (f)) was ever timely attempted, thereby giving the Court no good cause to issue an extension of time for service. Further, the documented method of notice proposed and previously attempted by the Plaintiff was not reasonably calculated to give actual notice to the Defendant, in that: 1) sufficient facts are not plead to show that the Defendant is not a resident of a foreign country, which would require personal service under GRCP Rule 4(f) and render 7 GCA § 14106 inapplicable; and 2) even if the Defendant is a resident of a United States jurisdiction "publication thereof in the Marianas Variety, a newspaper of general circulation published in Hagatna, Guam" Fang, Order for Publication of Summons, p. 2, lines 3–4 (filed March 21, 2011), will doubtfully reach the Defendant if he does not reside in Guam. *See* Pineda v. Pineda, 2005 Guam 10 ¶14 (Regarding service by publication, the Supreme Court of Guam is "mindful that: [c]hance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.") (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950)) (internal citations omitted).

The Court is not aware of the Defendant's current residency, such that the complaint is in violation of statutory requirements and the pleading mandates of the Guam Rules of Civil Procedure. Because the complaint is silent regarding the Defendant's residency, the Court is unable to determine: 1) whether service under the laws of Guam and the United States, including 7 GCA 14106, is applicable to the Defendant; and 2) whether Guam is an appropriate forum for this action. There appears to be no reason that the Plaintiff cannot comply with the pleading provisions of 19 GCA § 8319(a), GRCP Rule 8(a) and CVR Rule 10.1, and apprise the

Court of the Defendant's current residence through an amended complaint, as Plaintiff's counsel has previously informed the Court that the Defendant is not hiding, and Plaintiff is fully aware of Defendant's current residence. Lastly, if the Defendant is a U.S. resident, but not a resident of Guam, the Plaintiff has failed to plead minimum contacts with Guam sufficient to satisfy the "interests of justice" or to show that "substantial justice" would be served by the exercise of personal jurisdiction over the Defendant in this divorce case. As such, the Plaintiff has failed to convince the Court that justice will be served by the exercise of personal jurisdiction over the Defendant at this time, and the Plaintiff must amend his verified complaint to allege these facts with particularity.

## C) Child Custody Jurisdictional Issues

### 1) No Factual Allegations of Jurisdiction to Make Child Custody Determination

Although Plaintiff's counsel once orally indicated to the Court that the Plaintiff does not seek a child custody determination in this case, Fang, Hr. Tr. January 20, 2012 (10:34:11 a.m. to 10:36:00 a.m.), the verified complaint filed in this case specifically requests that the Court make a child custody and visitation determination, Fang, Complaint for Divorce, p. 2, ¶ VI; and p. 3, lines 6–7 (filed July 15, 2010). The Plaintiff has never moved to dismiss this portion of the complaint, nor has any stipulated dismissal or other stipulation resolving this issue been submitted to the Court, and thus, the request is still active and pending. *See* GRCP Rule 41(2012).

The Uniform Child Custody and Jurisdiction Enforcement Act (hereinafter UCCJEA) was adopted in Guam as Title 7, Chapter 39 of the Guam Code Annotated. 7 GCA § 39201 provides four bases for jurisdiction (1) "home" jurisdiction; (2) "significant connection"

jurisdiction; (3) emergency jurisdiction; and (4) default jurisdiction. Under 7 GCA § 39201(a) the Superior Court of Guam has jurisdiction over an initial child-custody determination only if:

> (1) Guam is the home State of the child on the date of the commencement of the proceeding, or was the home State of the child within six (6) months before the commencement of the proceeding and the child is absent from Guam but a parent or person acting as a parent continues to live in Guam;
> (2) a court of another State does not have jurisdiction under paragraph (1), or a court of the home State of the child has declined to exercise jurisdiction on the ground that Guam is the more appropriate forum under Section 207 or 208 and: (A) the child and the child's parents, or the child and at least one (1) parent or a person acting as a parent have a significant connection with Guam other than mere physical presence; and (B) substantial evidence is available in Guam concerning the child's care, protection, training, and personal relationships;
> (3) all courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that the Superior Court of Guam is the more appropriate forum to determine the custody of the child under Section 201 or 208; or
> (4) no court of any other State would have jurisdiction under the criteria specified in paragraph (1), (2), or (3).

7 GCA § 39201(a) (2012).

In this case, the Plaintiff has not even alleged that Guam was the "home state" of the minor child on the date of the filing of this proceeding in the Complaint for Dissolution of Marriage. An examination of the verified complaint reveals no allegation of facts which would underlie such a determination, i.e., that the child has resided in Guam for the past six months, and that another state does not have jurisdiction over the children, as contemplated by the statute.

The Plaintiff's verified complaint is conspicuously and defectively silent in other regards as well under the UCCJEA. Pursuant to 7 GCA § 39209(a), certain information regarding the residence of the children is required to be set forth, under oath, in the initial complaint or in an affidavit/declaration which is attached to the complaint. In addition to other required factual information concerning any other possible pending child-custody proceedings,

this statute requires that the Plaintiff provide the Court with both: 1) a list of all the places in which the child has resided during the five years prior to the filing of the complaint; and 2) the name and present address of any person with whom the child has resided during those five years, stating in relevant part:

> Information to be Submitted to Court. (a) Subject to any existing law of Guam providing for the confidentiality of procedures, addresses, and other identifying information, in a child custody proceeding, each party, in its first pleading or in an attached affidavit, shall give information, if reasonably ascertainable, under oath as to the child's present address or whereabouts, the places where the child has lived during the last five (5) years, and the names and present addresses of the persons with whom the child has lived during that period.

7 GCA § 39209(a) (2012).

The Plaintiff has failed to provide any of this information to the Court, as required by statute. Pursuant to subsection (b) of the statute, "[i]f the information required by Subsection (a) is not furnished, the court, upon motion of a party or its own motion, may stay the proceeding until the information is furnished." 7 GCA § 39209(b).

2) Defective Method of Notice

Perhaps more important than the omission of this required information, under the UCCJEA, notice and an opportunity to be heard must be afforded to any person who may be affected by a child-custody determination under the act pursuant to 7 GCA § 39205(a). This statute states:

> Notice; Opportunity to Be Heard; Joinder. (a) Before a child custody determination is made under this Act, *notice and an opportunity to be heard in accordance with the standards of § 108 must be given to all persons entitled to notice under the laws of Guam* as in child custody proceedings between residents of Guam, any parent whose parental rights have not been previously terminated, and any person having physical custody of the child.

7 GCA § 39205(a) (2012)(emphasis added).

7 GCA § 39108 is entitled "Notice to Persons Outside Guam." It states:

(a) Notice required for the exercise of jurisdiction when a person is outside Guam may be given in a manner prescribed by the laws of Guam for service of process or by the laws of the State in which the service is made. *Notice must be given in a manner reasonably calculated to give actual notice but may be by publication if other means are not effective.* (b) Proof of service may be made in the manner prescribed by the laws of Guam or by the laws of the State in which the service is made.

7 GCA § 39108(a) and (b) (2012)(emphasis added).

The only exception to this designed notice requirement occurs when a party consents to the jurisdiction of the Superior Court, as under subsection (c); "[n]otice is not required for the exercise of jurisdiction with respect to a person who submits to the jurisdiction of the court." 7 GCA § 39108(c). There is no evidence that the Defendant has consented to the jurisdiction of the Court. Therefore, notice to him is required before the Court may make an initial child-custody determination.

Emphasizing this point of law, 7 GCA § 39106 clarifies that even if the Court finds that it has jurisdiction over the child/children and makes a child-custody determination, but service has not been effected on a party, the determination is not binding upon that party. It states:

Effect of Child Custody Determination. A child custody determination made by a court of Guam that had jurisdiction under this Act *binds all persons who have been served* in accordance with the laws of Guam or notified in accordance with subsection 108 or who have submitted to the jurisdiction of the court, *and who have been given an opportunity to be heard.* As to those persons, the determination is conclusive as to all decided issues of law and fact, except to the extent the determination is modified.

7 GCA § 39106 (2012) (emphases added).

Consequently, so long as the Defendant has not been served, any child-custody determination made by this Court is meaningless. Any such order will have no legal effect, as it appears from the complaint that there are no other parties interested in the custody of the child of this marriage.

As a final consideration for the Court, personal jurisdiction over the Defendant for the purposes of a child-custody determination under the UCCJEA does not constitute jurisdiction over the Defendant for another purpose, such as a divorce proceeding. 7 GCA § 39109 restricts this application, stating:

> Appearance and Limited Immunity. (a) A party to a child custody proceeding, including a modification proceeding, or a petitioner or respondent in a proceeding to enforce or register a child custody determination, is not subject to personal jurisdiction in Guam for another proceeding or purpose solely by reason of having participated, or of having been physically present for the purpose of participating, in the proceeding.

7 GCA § 39109 (2012).

Accordingly, the Plaintiff is required under GRCP Rule 4 and 7 GCA §§ 39205, 39106, 39108 and 39109 to provide service to the Defendant for both actions—divorce and child-custody, in a manner which is designed to give the Defendant actual notice of the proceedings. The Plaintiff has never complied with any portion of the UCCJEA, and therefore, the Court, as of yet, has no means by which to exercise jurisdiction over the Plaintiff's request for the issuance of an order regarding child custody or visitation.

## CONCLUSION

Based on its analysis of the service of process upon which the Court may exercise jurisdiction over the Defendant in this case, and thereupon grant a dissolution of marriage. The Court first finds that service in this case was ineffective, as the Plaintiff did not serve the Defendant within 180 days of the filing of the complaint. Accordingly, the Entry of Default entered by the Clerk of Court based upon service was in error, and is VACATED pursuant to GRCP Rule 60(b0(1). Next, the "declaration" in support of service failed to provide any attestation, certification, verification, or declaration of the truth of its contents "under penalty of perjury," as required to support the issuance of an order for publication and mailing under 7

GCA § 14106. Accordingly, the Order for Publication of Summons was erroneously issued, and is VACATED under GRCP Rule 60(b)(1).

Based upon its review of the complaint, as part of the analysis the Order for Publication of Summons, and personal jurisdiction based thereon, which requires analysis of whether there is a cause of action against the Defendant under 7 GCA § 14106; the Court finds that the Plaintiff has failed to plead and prove the residency of the Defendant in any United States Jurisdiction, and fails to allege any means by which the Court could exercise personal jurisdiction over the Defendant in consideration of the notions of fair play and justice. The Plaintiff has also failed to plead the residency of the Defendant in order for the Court to determine whether the Defendant is subject to service of process under 7 GCA § 14106, as permitted by the laws of Guam. Further, even if the Defendant is a resident of a United States jurisdiction, and 7 GCA § 14106 may therefore be applicable in lieu of personal service under Rule 4(e), the declaration fails to show that the Defendant has "depart[ed]" from Guam, or that he has "conceal[ed]" himself to avoid personal service of the complaint as provided under GRCP Rule 4(e)(1) or (2), in order to meet the requirements of 7 GCA § 14106 for publication and mailing in lieu of personal service. Finally, the Plaintiff has never even attempted actual personal service, as may be available under GRCP Rule 4(e)(1) or (2) or (f). Therefore, the Complaint for Divorce is deficient and must be amended to provide the Court with facts sufficient to prove jurisdiction over the Defendant.

As the 180 days allowed for service under GRCP 4(m) had expired prior to the Plaintiff's first documented attempt at service, and no request for an extension of time was ever made, the Court must DISMISS the complaint as to the cause of action for dissolution of marriage, without prejudice. However, the Court GRANTS the Plaintiff LEAVE TO AMEND

within thirty (30) days of the date of this order, in order to plead and prove the residency of the Defendant as required under 19 GCA §8319, GRCP Rule 8(a) and CVR Rule 10.1, in order to allow the Court to determine what manner of service is applicable to the Defendant, and/or to plead and prove facts regarding minimum contacts of the Defendant sufficient for the Court to acquire long-arm jurisdiction over the Defendant under 7 GCA §§ 14109 and 14110(4), GRCP Rule 8(a), and CVR Rule 10.1. *See also* GRCP Rule 4(m)(2012).

Further, the separate, included action for a child-custody determination is STAYED for thirty (30) days from the date of this order, pursuant to 7 GCA § 39209(b), in order for the Plaintiff to properly allege facts required pursuant to 7 GCA §§ 39201 and 39209, either through amendment of the verified complaint, or by qualifying affidavit or declaration. If the Plaintiff cannot allege that Guam is the home state of the child, or cannot allege facts showing that the Superior Court of Guam has jurisdiction to make a child custody determination, the action for child-custody will be dismissed.

By granting leave to amend, the Court is granting the Plaintiff an opportunity to remedy all of the defects found by this Court regarding both the request for dissolution and a child custody determination. In essence, this opportunity, if taken by the Plaintiff, will resurrect the action. Upon amendment of the complaint, the time to serve Plaintiff shall begin anew, and the Plaintiff shall have 180 days to effect service upon the Defendant pursuant to GRCP Rule 4(m). As it is apparent from the statements of Plaintiff's counsel that Plaintiff is aware of the location of the Defendant, possibly in California, the Plaintiff is ORDERED to attempt personal service upon the Defendant in accordance with GRCP Rule 4. If the Plaintiff elects to pursue its request for this Court to make a child custody determination, service must be made pursuant to 7 GCA §§ 39205 and 39108, and GRCP Rule 4. If the Plaintiff elects only to continue pursuit of its

request for dissolution, Plaintiff need only provide service pursuant to GRCP Rule 4. Whether the Plaintiff elects to pursue a dissolution decree, a child custody order, or both, at a minimum, the Plaintiff must initiate service pursuant to GRCP Rule 4. Upon provision to the Court of admissible proof that attempts to provide such service have failed, and that such service cannot be effected, the Plaintiff may subsequently move the Court, in conformity with 7 GCA § 14106, to alternatively permit service by publication and mailing. If time beyond the 180 days is needed for service, Plaintiff shall timely file a request for additional time pursuant to GRCP Rule 6.

**IT IS SO ORDERED** this APR 0 9 2012 .



HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

APR 0 9 2012

Valerie D. Tenorio
Deputy Clerk, Superior Court of Guam